UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HEALTH CARE,<br><br>Plaintiff,<br><br>v.<br><br>HCC LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 17-cv-06963-EJD (VKD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO QUASH**<br><br>Re: Dkt. No. 43 |

Defendant HCC Life Insurance Company ("HCC") moves to quash four document subpoenas that plaintiff Stanford Health Care ("Stanford") served on non-parties Equian, LLC, eHealthInsurance Services, Inc., HealthSmartHoldings, Inc., and Red-Card Payments Systems, LLC. HCC argues that the subpoenas are untimely because Stanford served them after the close of discovery. Stanford concedes that the subpoenas are untimely, but says that the Court should permit the discovery because it was not able to obtain the information it seeks from a deposition of HCC's Rule 30(b)(6) witnesses.

Stanford filed this action on October 31, 2017. In its initial scheduling order, the Court required the parties to complete fact discovery by September 6, 2018. Dkt. No. 21. On September 4, 2018, the Court extended the discovery deadline to October 5, 2018 for the limited purpose of allowing the parties to complete Rule 30(b)(6) depositions; no other discovery was permitted. Dkt. No. 35. On October 5, 2018, the Court extended Stanford's deadline to complete its Rule 30(b)(6) deposition of HCC to October 19, 2018. Dkt. No. 39.

Stanford conducted no discovery of HCC until August 20, 2018, three weeks before the fact discovery deadline, when it noticed a Rule 30(b)(6) deposition of HCC. Dkt. No. 43 at 2–3, 4. Stanford says it *would have* conducted discovery of non-parties as well had it only known that

1 HCC did not have all of the information Stanford expected HCC to have.  Stanford argues that
2 HCC should have affirmatively disclosed in its Rule 26(a) initial disclosures that it did not have all
3 of the information Stanford says it needs in the case.  In addition, Stanford argues that HCC's Rule
4 30(b)(6) witnesses should have been prepared to supply at least some of this information.

HCC responds that it fully complied with its Rule 26(a) obligations to disclose information that it may use to support its claims or defense in the action, and that it had no obligation to advise Stanford of sources of information that Stanford may wish to use in its own case.  In addition, HCC argues that the matters Stanford says HCC's corporate representative should have been able to address in deposition were not among the topics included in Stanford's Rule 30(b)(6) deposition notice and that HCC does not have the information Stanford seeks.

As an initial matter, HCC is correct that it had no affirmative obligation to volunteer documents or information to Stanford beyond those matters required to be disclosed pursuant to Rule 26(a).  The Court has reviewed Stanford's Rule 30(b)(6) deposition notice to HCC and cannot conclude on the record presented by the parties that HCC failed to comply with its obligation to produce a witness or witnesses prepared to testify on matters within HCC's possession, custody or control.  If it had failed to comply, Stanford's remedy would have been to seek to compel HCC to provide that testimony—not to serve documents subpoenas on non-parties.

Stanford has not been diligent in conducting discovery in this case.  The scheduling order permitted six months for discovery, but Stanford waited until the very last minute to even begin discovery.  It has only itself to blame if it now finds itself out of time and lacking "key" documents and information.  Stanford did not seek leave to serve non-party document subpoenas after the discovery deadline, and it may not use self-help to accomplish that result.

HCC's motion to quash is granted.

**IT IS SO ORDERED.**

Dated: November 5, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

2